**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANYA GRACE McDANIEL, | No. 15-16565 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02653-MCE-AC |
| v. | |
| DANIEL POWELL, Officer, Davis Police Department; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Tanya Grace McDaniel appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional violations arising

from a traffic stop. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed McDaniel's due process claims because McDaniel failed to allege facts sufficient to show that she had a protected property interest in the outcome of her administrative appeals and she failed to identify any deficiency in the process she was provided. *See Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). McDaniel also failed to establish that defendants were constitutionally obligated to respond to her requests for protection. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) ("The Constitution generally does not require the state to protect the life, liberty, and property of its citizens against invasion by private actors." (citation and internal quotation marks omitted)).

The district court properly dismissed McDaniel's claim against the Davis Police Department because McDaniel failed to allege facts sufficient to show that

the Department had an official policy or custom that "reflects deliberate indifference" to her constitutional rights. *See Castro v. County of Los Angeles*, No. 12-56829, --- F.3d ----, 2016 WL 4268955, at *9 (9th Cir. Aug. 15, 2016) (en banc) (citation and internal quotation marks omitted) (setting forth requirements for municipal liability under § 1983).

The district court did not abuse its discretion by denying McDaniel leave to file a Fourth Amended Complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

We do not consider the merits of McDaniel's Fourth Amendment, equal protection, and failure-to-train claims, or the district court's decision to decline to exercise supplemental jurisdiction over McDaniel's state law claims, because McDaniel did not specifically and distinctly raise and argue those issues in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.");

15-16565

*see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (court does not consider arguments raised for the first time in the reply brief).

**AFFIRMED.**